1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   FRANK FALZETTA, Cal. Bar No. 125146
2    ffalzetta@sheppardmullin.com
   DAVID E. DWORSKY, Cal. Bar No. 272167
3    ddworsky@sheppardmullin.com
   333 South Hope Street, 43rd Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 620-1780
5  Facsimile:   (213) 620-1398

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   JEFFREY S. CROWE, Cal. Bar No. 216055
7    jcrowe@sheppardmullin.com
   650 Town Center Drive, 10th Floor
8  Costa Mesa, California 92626
   Telephone:  714.513.5100
9  Facsimile:   714.513.5130

10 Attorneys for Defendant
   GOLDEN EAGLE INSURANCE
11 CORPORATION

12              **UNITED STATES DISTRICT COURT**

13     **CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION**

14 | 1700 PCH DEVELOPMENT, LLC, a | Case No. 2:19-cv-10151-TJH-JCx
   California limited liability company, |
15 | |
   | **DISCOVERY MOTION**
16 | Plaintiff, | **DECLARATION OF DAVID**
   | | **DWORSKY IN SUPPORT OF**
17 | v. | **GOLDEN EAGLE INSURANCE**
   | | **CORPORATION'S MOTION FOR**
18 | GOLDEN EAGLE INSURANCE | **COURT ORDER THAT EXPERT**
   CORPORATION, a New Hampshire | **DEPOSITIONS DO NOT COUNT**
19 | Corporation, CLARK SEIF CLARK, a | **TOWARD PRESUMPTIVE**
   California Corporation, | **10-DEPOSITION LIMIT**
20 | Defendants. |
21 | | **(Volume 1 of 2 With Exhibits 1–7)**
22 | | *[Notice of Motion and Motion and Joint*
   | | *Stipulation filed concurrently herewith;*
23 | | *[Proposed] Order lodged concurrently*
   | | *herewith]*
24 | | Date:         October 6, 2020
25 | | Time:         9:30 a.m.
   | | Crtrm.:       750
26 | | DCO:          October 30, 2020
27 | | PTC:          February 8, 2021
   | | Trial:        Not Set
28 |

SMRH:4819-3504-8394.1                    DWORSKY DECL. ISO MOTION RE EXPERT
                                         WITNESS DEPOSITIONS

1
## DECLARATION OF DAVID DWORSKY

2       I, David Dworsky, declare as follows:

3

4       1.     I am an attorney duly admitted to practice before this Court.  I

5 am a special counsel with Sheppard, Mullin, Richter & Hampton LLP, attorneys of

6 record for defendant Golden Eagle Insurance Corporation ("Golden Eagle").  I have

7 personal knowledge of the following and, if called and sworn as a witness, I could

8 and would competently testify to all facts within my personal knowledge.

9

10       2.     This Declaration is submitted in support of Golden Eagle's

11 concurrently-filed Motion for a Court Order that Expert Depositions do not Count

12 Toward the Presumptive 10-Deposition Limit in Federal Rule of Civil Procedure 30.

13

14       3.     Golden Eagle has attempted to meet and confer with Plaintiff

15 about this issue for almost six months.  On March 20, 2020, Jeffrey Crowe, counsel

16 for Golden Eagle, sent an email to Plaintiff's counsel, and asked if Plaintiff's

17 counsel would "agree that anticipated expert depositions … will not count toward

18 the 10 deposition limit."  I have attached to this Declaration as Exhibit 1 a true and

19 correct copy of Mr. Crowe's March 20, 2020 email, which I received.

20

21       4.     On March 24, 2020, Shant Karnikian, counsel for Plaintiff, sent

22 an email responding to Mr. Crowe's March 20 email.  I have attached to this

23 Declaration as Exhibit 2 a true and correct copy of Mr. Karnikian's March 24, 2020

24 email, which I received.

25

26       5.     Mr. Crowe responded to Mr. Karnikian via email on March 24,

27 2020, and sent a follow up email on April 6, 2020.  I have attached to this

28

-1-

1  Declaration as Exhibit 3 a true and correct copy of Mr. Crowe's March 24 and
2  April 6 emails, both of which I received.
3
4       6.       Mr. Karnikian responded via email on April 6, 2020.  I have
5  attached to this Declaration as Exhibit 4 a true and correct copy of Mr. Karnikian's
6  April 6, 2020 email, which I received.
7
8       7.       Mr. Crowe responded on April 6 via email.  I have attached to
9  this Declaration as Exhibit 5 a true and correct copy of Mr. Crowe's April 6, 2020
10 response email, which I received.
11
12      8.       Mr. Crowe and Plaintiff's counsel subsequently discussed the
13 issue over the telephone, and Plaintiff's counsel agreed to confer with their team and
14 client regarding this issue.  I have attached to this Declaration as Exhibit 6 a true and
15 correct copy of an email sent by Mr. Crowe on April 14, 2020 confirming Golden
16 Eagle's understanding of the parties' agreement.  The parties subsequently discussed
17 the issue again over the telephone, but Plaintiff's counsel would not yet commit to
18 an agreement that designated expert depositions would not count toward the 10-
19 deposition limit.
20
21      9.       On May 19, 2020, the Court modified the Scheduling Order due
22 in large part to issues caused by the COVID-19 pandemic.  I have attached to this
23 Declaration as Exhibit 7 a true and correct copy of the Court's Original Scheduling
24 Order, dated January 27, 2020, and as Exhibit 8 a true and correct copy of the
25 Court's Amended Scheduling Order, dated May 19, 2020.
26
27
28

-2-

10.     On August 17, 2020, Mr. Crowe wrote another email to Plaintiff's counsel about the expert depositions.  I have attached to this Declaration as Exhibit 9 a true and correct copy of Mr. Crowe's August 17, 2020 email.

11.     Plaintiff's counsel responded on August 21, 2020, but did not address Mr. Crowe's inquiry about the expert depositions.  Mr. Crowe then followed up that day, again asking if Plaintiff would agree that expert depositions do not count toward the 10-deposition limit.  Plaintiff's counsel did not respond.  I have attached to this Declaration as Exhibit 10 a true and correct copy of the parties' August 21, 2020 email exchange.

12.     On August 24, 2020, I sent Plaintiff's counsel a Local Rule 37-1 Meet and Confer letter, in which I formally requested a telephonic meet and confer to discuss the expert deposition issue, and provided authority to support Golden Eagle's position.  I have attached to this Declaration as Exhibit 11 a true and correct copy of my August 24, 2020 letter.  The parties agreed to meet and confer about the issue on August 28, 2020.

13.     In advance of the meet and confer, on August 28, 2020, I sent Plaintiff's counsel an email including additional authority to support Golden Eagle's position.  I have attached to this Declaration as Exhibit 12 a true and correct copy of my August 28, 2020 email.  The parties completed the Local Rule 37-1 Meet and Confer on August 28, 2020.  During the meeting, I reiterated to Plaintiff's counsel that Central District cases supported Golden Eagle's position -- reasoning that courts in this Circuit do not interpret Rule 30's 10-deposition limit to apply to designated experts.  However, despite not being able to offer any authority to support their position, Plaintiff's counsel refused to enter into the agreement.  Thus, I advised that Golden Eagle would be seeking the present relief.

-3-

14.     Plaintiff has produced documents as part of its Initial Disclosures and document production in this matter that reveal that Plaintiff was involved in negotiations with the City of Redondo Beach at the time the subject fire occurred in June 2015.  Specifically, Plaintiff has provided numerous documents describing Plaintiff's plans prior to June 2015 to construct a mixed-use development on the site where the hotel is located, including renovating and modernizing the hotel.

15.     Plaintiff's Interrogatory Responses in this matter describe Plaintiff's damages calculation of over $17 million.  I have attached to this Declaration as Exhibit 13 a true and correct copy of Plaintiff's Responses to Golden Eagle's First Set of Interrogatories, which were served on our office.

16.     Plaintiff's Interrogatory Responses also describe purported damage to the electrical system in the hotel, which Plaintiff contends needs to be replaced due to the fire at a cost of approximately $1.3 million.

17.     On July 24, 2020, Plaintiff's counsel sent an email to my office indicating, for the first time, that demolition at the subject property had commenced and that "all that remains is the concrete structure."  I have attached to this Declaration as Exhibit 14 a true and correct copy of Plaintiff's counsel's email. This was the first time since litigation began that Golden Eagle was informed demolition work had begun at the subject property.

18.     Plaintiff served its Initial Disclosures in this matter on or around January 31, 2020.  Plaintiff identified 18 party-affiliated and percipient witnesses in its Initial Disclosures.  I have attached to this Declaration as Exhibit 15 a true and correct copy of Plaintiff's Initial Disclosures in this matter.

-4-

1    19.    My office has sent multiple emails to Plaintiff's counsel

2   requesting deposition dates for party-affiliated witnesses, and has served subpoenas

3   and noticed deposition dates for three additional non-affiliated witnesses.  For

4   example, in Mr. Crowe's August 17, 2020 email to Plaintiff's counsel, which is

5   attached to this Declaration as Exhibit 9, he identified nine (9) percipient witnesses

6   that Golden Eagle intends to depose in this matter.

7

8    I declare under penalty of perjury under the laws of the United States of

9   America and the State of California that the foregoing is true and correct.

10

    Executed September 4, 2020 at Los Angeles, California.

11

12

    _____/s/ David Dworsky_____

13    David Dworsky

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

| From: | Jeffrey Crowe |
|---|---|
| To: | Shant Karnikian; Stephanie Charlin; Anthony Balbuena; Christopher B. Noyes |
| Cc: | Frank Falzetta; Fred Puglisi; David Dworsky |
| Subject: | RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp. |
| Date: | Friday, March 20, 2020 3:24:13 PM |
| Attachments: | image001.png |

Dear Shant:  Thank you for last Friday's email.  My apologies that it has taken a week to respond.  In any event, I've organized the response in categories similar to the categories in your email below, although not in the same order.

Plaintiff's Production Re the Third Party Subpoenas

- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
- How about the Palos Verdes Inn production?
- Is your office handling production of the Pride Public Adjuster file?

Depositions

- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions."  As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually).  For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email.  We will seek to do the same for Golden Eagle's third-party witnesses.  For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:
  - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things:  (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and

(4) any fire-related repairs that have been completed to the hotel.  These are just a few categories to give you an idea regarding the scope of the Deposition Notice.  Once we have a more formal draft of the Notice, we will send it to you.

- Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
- Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
- Tom Irmiter of Forensic Building Services, Inc.
- Mich Talmadge of Anderson Consulting Group.
- Brad Kovar of Safeguard EnviroGroup.
- Yonan Benjamin of L.Y. Environmental.
- Andrew Gerasimov.
- Goran Ljubinovic.

Site Inspection

- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May.  If you can provide available dates for an inspection the week of May 25, we would appreciate it.  Golden Eagle reserves the right to seek more than one inspection of the hotel.
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer.  We can provide you specific names of the attendees as we get closer to the inspection date.
- The proposed scope/protocol is to be determined.

Thanks in advance for your attention to this matter.  We look forward to working with you to schedule mutually convenient dates for this anticipated discovery.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Friday, March 13, 2020 5:25 PM
**To:** Stephanie Charlin <sc@kbklawyers.com>; Katherine Sample <KSample@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>; Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Katherine/David/Jeff:

Just an update on productions:
- We're sending out a disc today which contains part of the production (900+ documents) in response to your subpoena to Childress, Loucks & Plunkett Ltd.
- The remainder of the documents (around 200) from CLP, and the production from Forensic Building Science, Inc. (around 100 documents) are being labelled and will be sent out on Monday next week. Given the COVID situation, some of our support staff was out, but someone will be in on Monday to do the bates stamping and copying to a disc.
- As for the documents from Palos Verdes Inn Hotel Company, LLC: They're still working on gathering documents. I don't yet have a time estimate for you until I know the size of the production.
- As for the subpoena to Legado Redondo LLC: "Legado Redondo LLC" was formerly known as "1700 PCH Development LLC" (the plaintiff and insured). It is the same entity at the plaintiff. Accordingly, the subpoena is not proper as it was served on a party to the action.

As for a trial continuance:
- Given that the loss occurred almost 5 years ago, our client is hesitant to wait longer to resolve it. We cannot agree to a continuance now. Let's see how much progress we can make in the next 60 days.

As for additional depositions beyond those allowed by the FRCP:
- We can revisit this as the need arises. The multiple EUOs taken by Golden Eagle might reduce the need for many more depositions.

As for an inspection:
- I looked into the file which confirmed my impression that there have already been multiple prior inspections by Golden Eagle.
- In order to set it up, we'd like to know in advance:
  - Who will attend?
  - What is each attendees role and background?
  - What is the scope of the inspection? How long will the inspection be?
  - And what protocol do you suggest?

As for any discussion of mediation/resolution: We're always open to it, if you think it would be productive. If you think something has changed since the last mediation, we'd be happy to discuss it with our client.

Thank you, and have a good weekend.
Shant

---

**From:** Stephanie Charlin <sc@kbklawyers.com>
**Sent:** Friday, February 28, 2020 12:47 PM
**To:** Katherine Sample <KSample@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Shant Karnikian <sk@kbklawyers.com>

**Subject:** 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Katherine,

We received notice of your subpoenas for business records served on February 11, 2020. We are coordinating the production of records for Anderson Group International, Legado Redondo LLC, Palos Verdes Inn Hotel Company, Pride Public Adjuster and Childress, Loucks & Plunkett LLP. We have received some, but not all, of the records and need some more time to produce them to you. Can we agree to a production date of **March 20, 2020?**

Best,

Stephanie

sc sig



# EXHIBIT 2

| | |
|---|---|
| **From:** | Shant Karnikian |
| **To:** | Jeffrey Crowe; Stephanie Charlin; Anthony Balbuena; Christopher B. Noyes |
| **Cc:** | Frank Falzetta; Fred Puglisi; David Dworsky |
| **Subject:** | RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp. |
| **Date:** | Tuesday, March 24, 2020 11:17:12 AM |
| **Attachments:** | image001.png |

Hi Jeff. Your questions are answered below:

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
  - **Went in the mail today, on its way to your OC office (per your request).**
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
  - **Same as above.**
- How about the Palos Verdes Inn production?
  - **They are still gathering responsive documents. We'll have to object to some of the categories however.**
- Is your office handling production of the Pride Public Adjuster file?
  - **No.**

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
  - **OK.**
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
  - **We can re-visit it if/when the need arises.**
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions." As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
  - **Given that former attorney acting on behalf of the insurance company had plenty of opportunity to exam these witnesses, we assume his lengthy inquiries will help limit your examination. But I can see why you may find that their former attorney was inefficient with his examination of these witnesses.**
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
  - **Depending on when they happen, we can do it remotely or in person.**

- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually). For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email. We will seek to do the same for Golden Eagle's third-party witnesses. For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:
  - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.
  - Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
  - Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
  - Tom Irmiter of Forensic Building Services, Inc.
  - Mich Talmadge of Anderson Consulting Group.
  - Brad Kovar of Safeguard EnviroGroup.
  - Yonan Benjamin of L.Y. Environmental.
  - Andrew Gerasimov.
  - Goran Ljubinovic.
  - **OK Thanks. We'll look at dates, and we'll let you know at which ones of the above we can coordinate.**

Site Inspection
- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May. If you can provide available dates for an inspection the week of May 25, we would appreciate it. Golden Eagle reserves the right to seek more than one inspection of the hotel.
  - **We can arrange once we know:**
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer. We can provide you specific names of the attendees as we get closer to the inspection date.
  - **See above.**
- The proposed scope/protocol is to be determined.
  - **See above.**

Thanks,
Shant

**From:** Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Sent:** Friday, March 20, 2020 3:24 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Dear Shant:  Thank you for last Friday's email.  My apologies that it has taken a week to respond.  In any event, I've organized the response in categories similar to the categories in your email below, although not in the same order.

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
- How about the Palos Verdes Inn production?
- Is your office handling production of the Pride Public Adjuster file?

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions." As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually).  For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email.  We will seek to do the same for Golden Eagle's third-party witnesses.  For now, we'd like to ask for dates available

between April 27 and May 22 for the following depositions:

- Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.
- Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
- Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
- Tom Irmiter of Forensic Building Services, Inc.
- Mich Talmadge of Anderson Consulting Group.
- Brad Kovar of Safeguard EnviroGroup.
- Yonan Benjamin of L.Y. Environmental.
- Andrew Gerasimov.
- Goran Ljubinovic.

Site Inspection
- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May. If you can provide available dates for an inspection the week of May 25, we would appreciate it. Golden Eagle reserves the right to seek more than one inspection of the hotel.
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer. We can provide you specific names of the attendees as we get closer to the inspection date.
- The proposed scope/protocol is to be determined.

Thanks in advance for your attention to this matter. We look forward to working with you to schedule mutually convenient dates for this anticipated discovery.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Friday, March 13, 2020 5:25 PM
**To:** Stephanie Charlin <sc@kbklawyers.com>; Katherine Sample <KSample@sheppardmullin.com>;

David Dworsky <DDworsky@sheppardmullin.com>; Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Katherine/David/Jeff:

Just an update on productions:
- We're sending out a disc today which contains part of the production (900+ documents) in response to your subpoena to Childress, Loucks & Plunkett Ltd.
- The remainder of the documents (around 200) from CLP, and the production from Forensic Building Science, Inc. (around 100 documents) are being labelled and will be sent out on Monday next week. Given the COVID situation, some of our support staff was out, but someone will be in on Monday to do the bates stamping and copying to a disc.
- As for the documents from Palos Verdes Inn Hotel Company, LLC: They're still working on gathering documents. I don't yet have a time estimate for you until I know the size of the production.
- As for the subpoena to Legado Redondo LLC: "Legado Redondo LLC" was formerly known as "1700 PCH Development LLC" (the plaintiff and insured). It is the same entity at the plaintiff. Accordingly, the subpoena is not proper as it was served on a party to the action.

As for a trial continuance:
- Given that the loss occurred almost 5 years ago, our client is hesitant to wait longer to resolve it. We cannot agree to a continuance now. Let's see how much progress we can make in the next 60 days.

As for additional depositions beyond those allowed by the FRCP:
- We can revisit this as the need arises. The multiple EUOs taken by Golden Eagle might reduce the need for many more depositions.

As for an inspection:
- I looked into the file which confirmed my impression that there have already been multiple prior inspections by Golden Eagle.
- In order to set it up, we'd like to know in advance:
  - Who will attend?
  - What is each attendees role and background?
  - What is the scope of the inspection? How long will the inspection be?
  - And what protocol do you suggest?

As for any discussion of mediation/resolution: We're always open to it, if you think it would be productive. If you think something has changed since the last mediation, we'd be happy to discuss it with our client.

Thank you, and have a good weekend.
Shant

**From:** Stephanie Charlin <sc@kbklawyers.com>
**Sent:** Friday, February 28, 2020 12:47 PM
**To:** Katherine Sample <KSample@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Shant Karnikian <sk@kbklawyers.com>
**Subject:** 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Katherine,

We received notice of your subpoenas for business records served on February 11, 2020. We are coordinating the production of records for Anderson Group International, Legado Redondo LLC, Palos Verdes Inn Hotel Company, Pride Public Adjuster and Childress, Loucks & Plunkett LLP. We have received some, but not all, of the records and need some more time to produce them to you. Can we agree to a production date of **March 20, 2020?**

Best,

Stephanie



Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 3

| From: | Jeffrey Crowe |
|---|---|
| To: | Shant Karnikian; Stephanie Charlin; Anthony Balbuena; Christopher B. Noyes |
| Cc: | Frank Falzetta; Fred Puglisi; David Dworsky |
| Subject: | RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp. |
| Date: | Monday, April 6, 2020 3:31:06 PM |
| Attachments: | image001.png |

Dear Shant:

I'm writing to follow up on the issues in red below – particularly as it relates to: (1) the Palos Verdes Inn's production in response to the subpoena; (2) excluding expert depositions from the presumptive limit under FRCP 30; and (3) deposition dates.  Please let me know if you'd prefer to schedule a call to discuss.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Jeffrey Crowe
**Sent:** Tuesday, March 24, 2020 12:16 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Thanks, Shant.  I have a few comments/responses and requests for clarification, which are below in red.

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Tuesday, March 24, 2020 11:17 AM

**To:** Jeffrey Crowe <JCrowe@sheppardmullin.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Jeff. Your questions are answered below:

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
  - **Went in the mail today, on its way to your OC office (per your request).  Thank you.**
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
  - **Same as above.  Thank you.**
- How about the Palos Verdes Inn production?
  - **They are still gathering responsive documents. We'll have to object to some of the categories however.  We reserve all rights to compel production of all responsive documents.  When do you anticipate the production?**
- Is your office handling production of the Pride Public Adjuster file?
  - **No.  Thanks.  We'll communicate directly with Pride.**

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
  - **OK.**
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
  - **We can re-visit it if/when the need arises.  We need confirmation now.  Given the anticipated number of percipient witness depositions, we can't wait until we are at or close to the 10 deposition limit before you tell us your position.  Otherwise, we'll have to move for an order now confirming that expert depositions don't count toward the presumptive limit.  This is really an issue that we should be able to resolve by agreement, particularly given the district court opinions we've seen on the issue.  If you have authority to the contrary, please let us know.  Thanks in advance for understanding our concern here.**
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions." As you know, "[a]n examination under oath and a pretrial deposition serve vastly different

purposes." *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).

- **Given that former attorney acting on behalf of the insurance company had plenty of opportunity to exam these witnesses, we assume his lengthy inquiries will help limit your examination. But I can see why you may find that their former attorney was inefficient with his examination of these witnesses. We dispute your assumption, and don't find it necessary to respond to your characterization of coverage counsel's efficiencies for purposes of this meet and confer. In any event, no need to further communicate on this issue for now. Both parties reserve all rights.**

- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."

  - **Depending on when they happen, we can do it remotely or in person. I don't believe remote depositions will work. Procedurally, it's going to be a problem given the number of anticipated exhibits. Substantively, we have the right to depose Plaintiff and witnesses in person. At this time, we're unable to stipulate to depositions by telephone or other means, but willing to revisit the issue if necessary. This may all be academic by the time the depositions proceed.**

- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually). For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email. We will seek to do the same for Golden Eagle's third-party witnesses. For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:

  - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.

  - Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.

  - Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.

  - Tom Irmiter of Forensic Building Services, Inc.

  - Mich Talmadge of Anderson Consulting Group.

  - Brad Kovar of Safeguard EnviroGroup.

  - Yonan Benjamin of L.Y. Environmental.

  - Andrew Gerasimov.

  - Goran Ljubinovic.

  - **OK Thanks. We'll look at dates, and we'll let you know at which ones of the above we can coordinate. Thank you.**

Site Inspection

- Although subject to change and dependent on the ability to do so under the current State

Order, we anticipate seeking to conduct an inspection of the Hotel in late May.  If you can provide available dates for an inspection the week of May 25, we would appreciate it.  Golden Eagle reserves the right to seek more than one inspection of the hotel.

- **We can arrange once we know:**
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer.  We can provide you specific names of the attendees as we get closer to the inspection date.
    - **See above.**
- The proposed scope/protocol is to be determined.
    - **See above.**

Thanks,
Shant

---

**From:** Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Sent:** Friday, March 20, 2020 3:24 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Dear Shant:  Thank you for last Friday's email.  My apologies that it has taken a week to respond.  In any event, I've organized the response in categories similar to the categories in your email below, although not in the same order.

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
- How about the Palos Verdes Inn production?
- Is your office handling production of the Pride Public Adjuster file?

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions

of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").

- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions."  As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).

- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."

- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually).  For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email.  We will seek to do the same for Golden Eagle's third-party witnesses.  For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:

  - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things:  (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel.  These are just a few categories to give you an idea regarding the scope of the Deposition Notice.  Once we have a more formal draft of the Notice, we will send it to you.

  - Person(s) Most Knowledgeable from the Childress firm regarding similar categories.  Again, we'll provide you with a draft of the Notice once completed.

  - Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.

  - Tom Irmiter of Forensic Building Services, Inc.

  - Mich Talmadge of Anderson Consulting Group.

  - Brad Kovar of Safeguard EnviroGroup.

  - Yonan Benjamin of L.Y. Environmental.

  - Andrew Gerasimov.

  - Goran Ljubinovic.

Site Inspection

- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May.  If you can provide available dates for an inspection the week of May 25, we would appreciate it.  Golden Eagle reserves the right to seek more than one inspection of the hotel.

- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer.  We can provide you specific names of the attendees as we get closer to the inspection date.

- The proposed scope/protocol is to be determined.

Thanks in advance for your attention to this matter.  We look forward to working with you to schedule mutually convenient dates for this anticipated discovery.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio


**Sheppard**Mullin

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Friday, March 13, 2020 5:25 PM
**To:** Stephanie Charlin <sc@kbklawyers.com>; Katherine Sample <KSample@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>; Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Katherine/David/Jeff:

Just an update on productions:

- We're sending out a disc today which contains part of the production (900+ documents) in response to your subpoena to Childress, Loucks & Plunkett Ltd.
- The remainder of the documents (around 200) from CLP, and the production from Forensic Building Science, Inc. (around 100 documents) are being labelled and will be sent out on Monday next week. Given the COVID situation, some of our support staff was out, but someone will be in on Monday to do the bates stamping and copying to a disc.
- As for the documents from Palos Verdes Inn Hotel Company, LLC: They're still working on gathering documents. I don't yet have a time estimate for you until I know the size of the production.
- As for the subpoena to Legado Redondo LLC:  "Legado Redondo LLC" was formerly known as "1700 PCH Development LLC" (the plaintiff and insured). It is the same entity at the plaintiff. Accordingly, the subpoena is not proper as it was served on a party to the action.

As for a trial continuance:

- Given that the loss occurred almost 5 years ago, our client is hesitant to wait longer to resolve it. We cannot agree to a continuance now. Let's see how much progress we can make in the next 60 days.

As for additional depositions beyond those allowed by the FRCP:

- We can revisit this as the need arises. The multiple EUOs taken by Golden Eagle might reduce the need for many more depositions.

As for an inspection:

- I looked into the file which confirmed my impression that there have already been multiple prior inspections by Golden Eagle.
- In order to set it up, we'd like to know in advance:
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?

As for any discussion of mediation/resolution: We're always open to it, if you think it would be productive. If you think something has changed since the last mediation, we'd be happy to discuss it with our client.

Thank you, and have a good weekend.
Shant

---

**From:** Stephanie Charlin <sc@kbklawyers.com>
**Sent:** Friday, February 28, 2020 12:47 PM
**To:** Katherine Sample <KSample@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Shant Karnikian <sk@kbklawyers.com>
**Subject:** 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Katherine,

We received notice of your subpoenas for business records served on February 11, 2020. We are coordinating the production of records for Anderson Group International, Legado Redondo LLC, Palos Verdes Inn Hotel Company, Pride Public Adjuster and Childress, Loucks & Plunkett LLP. We have received some, but not all, of the records and need some more time to produce them to you. Can we agree to a production date of **March 20, 2020?**

Best,

Stephanie



sc sig

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 4

| From: | Shant Karnikian |
|---|---|
| To: | Jeffrey Crowe; Stephanie Charlin; Anthony Balbuena; Christopher B. Noyes |
| Cc: | Frank Falzetta; Fred Puglisi; David Dworsky |
| Subject: | RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp. |
| Date: | Monday, April 6, 2020 6:19:17 PM |
| Attachments: | image001.png |

Hi Jeff,

Responses are below in blue. Yes, a call would be helpful. Namely to discuss some of the issues you raise in your letter, as well as limiting the scope of the requests to Palos Verdes.

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
  - **Went in the mail today, on its way to your OC office (per your request).  Thank you.**
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
  - **Same as above.   Thank you.**
- How about the Palos Verdes Inn production?
  - **They are still gathering responsive documents. We'll have to object to some of the categories however.   We reserve all rights to compel production of all responsive documents.  When do you anticipate the production?** They are still gathering document. They are obviously restricted from accessing the office. Additionally, we're going to be objecting to many of the requests. Perhaps we can have a conversation to discuss limiting the scope as to some of the requests.
- Is your office handling production of the Pride Public Adjuster file?
  - **No.  Thanks.  We'll communicate directly with Pride.**

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
  - **OK.**
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
  - **We can re-visit it if/when the need arises.  We need confirmation now.  Given the anticipated number of percipient witness depositions, we can't wait until we are at or close to the 10 deposition limit before you tell us your position.  Otherwise, we'll have to move for an order now confirming that expert depositions don't count toward the presumptive limit.  This is really an issue that we should be able to resolve by agreement, particularly given the district court opinions we've seen on the issue.  If you have authority to the contrary, please let us know.  Thanks in**

**advance for understanding our concern here.** We'll deal with this as the need arises. We don't foresee the need for more depositions yet.

- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions." As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes." *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).

    - **Given that former attorney acting on behalf of the insurance company had plenty of opportunity to exam these witnesses, we assume his lengthy inquiries will help limit your examination. But I can see why you may find that their former attorney was inefficient with his examination of these witnesses.** We dispute your assumption, and don't find it necessary to respond to your characterization of coverage counsel's efficiencies for purposes of this meet and confer. In any event, no need to further communicate on this issue for now. Both parties reserve all rights. Just to be clear, we're not agreeing to further examination on topics the witnesses already testified to.

- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."

    - **Depending on when they happen, we can do it remotely or in person.** I don't believe remote depositions will work. Procedurally, it's going to be a problem given the number of anticipated exhibits. Substantively, we have the right to depose Plaintiff and witnesses in person. At this time, we're unable to stipulate to depositions by telephone or other means, but willing to revisit the issue if necessary. This may all be academic by the time the depositions proceed. We can do the depositions via zoom, or other platforms all of the court reporting services now offer.

- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually). For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email. We will seek to do the same for Golden Eagle's third-party witnesses. For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:

    - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.

    - Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.

    - Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.

    - Tom Irmiter of Forensic Building Services, Inc.

    - Mich Talmadge of Anderson Consulting Group.

- Brad Kovar of Safeguard EnviroGroup.
- Yonan Benjamin of L.Y. Environmental.
- Andrew Gerasimov.
- Goran Ljubinovic.
- **OK Thanks. We'll look at dates, and we'll let you know at which ones of the above we can coordinate. <span style="color:red">Thank you.</span>**

Site Inspection
- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May.  If you can provide available dates for an inspection the week of May 25, we would appreciate it.  Golden Eagle reserves the right to seek more than one inspection of the hotel.
  - **We can arrange once we know:**
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer.  We can provide you specific names of the attendees as we get closer to the inspection date.
  - **See above.**
- The proposed scope/protocol is to be determined.
  - **See above.**

Thanks,
Shant

---

**From:** Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Sent:** Monday, April 6, 2020 3:31 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Dear Shant:

I'm writing to follow up on the issues in red below – particularly as it relates to: (1) the Palos Verdes Inn's production in response to the subpoena; (2) excluding expert depositions from the presumptive limit under FRCP 30; and (3) deposition dates.  Please let me know if you'd prefer to schedule a call to discuss.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jeffrey Crowe
**Sent:** Tuesday, March 24, 2020 12:16 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony
Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>;
David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Thanks, Shant.  I have a few comments/responses and requests for clarification, which are below in
red.

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Tuesday, March 24, 2020 11:17 AM
**To:** Jeffrey Crowe <JCrowe@sheppardmullin.com>; Stephanie Charlin <sc@kbklawyers.com>;
Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>;
David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Jeff. Your questions are answered below:

Plaintiff's Production Re the Third Party Subpoenas

- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for
  that production.  Can you please confirm that the entire Childress production has been made
  or provide a status on the production of the remaining portions?
  - **Went in the mail today, on its way to your OC office (per your request).  Thank you.**
- Can you please provide a status on production of the FBS file?  You had mentioned that
  staffing issues prevented production on Monday.

- - Same as above.  **Thank you.**
- How about the Palos Verdes Inn production?
  - - **They are still gathering responsive documents. We'll have to object to some of the categories however.  We reserve all rights to compel production of all responsive documents.  When do you anticipate the production?**
- Is your office handling production of the Pride Public Adjuster file?
  - - **No.  Thanks.  We'll communicate directly with Pride.**

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
  - **OK.**
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
  - - **We can re-visit it if/when the need arises.  We need confirmation now.  Given the anticipated number of percipient witness depositions, we can't wait until we are at or close to the 10 deposition limit before you tell us your position.  Otherwise, we'll have to move for an order now confirming that expert depositions don't count toward the presumptive limit.  This is really an issue that we should be able to resolve by agreement, particularly given the district court opinions we've seen on the issue.  If you have authority to the contrary, please let us know.  Thanks in advance for understanding our concern here.**
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions." As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
  - - **Given that former attorney acting on behalf of the insurance company had plenty of opportunity to exam these witnesses, we assume his lengthy inquiries will help limit your examination. But I can see why you may find that their former attorney was inefficient with his examination of these witnesses.  We dispute your assumption, and don't find it necessary to respond to your characterization of coverage counsel's efficiencies for purposes of this meet and confer.  In any event, no need to further communicate on this issue for now.  Both parties reserve all rights.**
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
  - - **Depending on when they happen, we can do it remotely or in person.  I don't believe remote depositions will work.  Procedurally, it's going to be a problem given the number of anticipated exhibits.  Substantively, we have the right to depose Plaintiff and witnesses in person.  At this time, we're unable to stipulate to**

**depositions by telephone or other means, but willing to revisit the issue if necessary.  This may all be academic by the time the depositions proceed.**

- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually).  For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email.  We will seek to do the same for Golden Eagle's third-party witnesses.  For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:
  - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things:  (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel.  These are just a few categories to give you an idea regarding the scope of the Deposition Notice.  Once we have a more formal draft of the Notice, we will send it to you.
  - Person(s) Most Knowledgeable from the Childress firm regarding similar categories.  Again, we'll provide you with a draft of the Notice once completed.
  - Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
  - Tom Irmiter of Forensic Building Services, Inc.
  - Mich Talmadge of Anderson Consulting Group.
  - Brad Kovar of Safeguard EnviroGroup.
  - Yonan Benjamin of L.Y. Environmental.
  - Andrew Gerasimov.
  - Goran Ljubinovic.
  - **OK Thanks. We'll look at dates, and we'll let you know at which ones of the above we can coordinate.  Thank you.**

Site Inspection
- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May.  If you can provide available dates for an inspection the week of May 25, we would appreciate it.  Golden Eagle reserves the right to seek more than one inspection of the hotel.
  - **We can arrange once we know:**
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer.  We can provide you specific names of the attendees as we get closer to the inspection date.
  - **See above.**
- The proposed scope/protocol is to be determined.
  - **See above.**

Thanks,
Shant

**From:** Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Sent:** Friday, March 20, 2020 3:24 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Dear Shant:  Thank you for last Friday's email.  My apologies that it has taken a week to respond.  In any event, I've organized the response in categories similar to the categories in your email below, although not in the same order.

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
- How about the Palos Verdes Inn production?
- Is your office handling production of the Pride Public Adjuster file?

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions."  As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually).  For the third-party witnesses, please let us know if you can provide available

dates for the witnesses and accept service of process by mail or email. We will seek to do the same for Golden Eagle's third-party witnesses. For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:

- Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.
- Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
- Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
- Tom Irmiter of Forensic Building Services, Inc.
- Mich Talmadge of Anderson Consulting Group.
- Brad Kovar of Safeguard EnviroGroup.
- Yonan Benjamin of L.Y. Environmental.
- Andrew Gerasimov.
- Goran Ljubinovic.

Site Inspection
- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May. If you can provide available dates for an inspection the week of May 25, we would appreciate it. Golden Eagle reserves the right to seek more than one inspection of the hotel.
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer. We can provide you specific names of the attendees as we get closer to the inspection date.
- The proposed scope/protocol is to be determined.

Thanks in advance for your attention to this matter. We look forward to working with you to schedule mutually convenient dates for this anticipated discovery.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Shant Karnikian <sk@kbklawyers.com>

**Sent:** Friday, March 13, 2020 5:25 PM
**To:** Stephanie Charlin <sc@kbklawyers.com>; Katherine Sample <KSample@sheppardmullin.com>;
David Dworsky <DDworsky@sheppardmullin.com>; Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Katherine/David/Jeff:

Just an update on productions:
- We're sending out a disc today which contains part of the production (900+ documents) in response to your subpoena to Childress, Loucks & Plunkett Ltd.
- The remainder of the documents (around 200) from CLP, and the production from Forensic Building Science, Inc. (around 100 documents) are being labelled and will be sent out on Monday next week. Given the COVID situation, some of our support staff was out, but someone will be in on Monday to do the bates stamping and copying to a disc.
- As for the documents from Palos Verdes Inn Hotel Company, LLC: They're still working on gathering documents. I don't yet have a time estimate for you until I know the size of the production.
- As for the subpoena to Legado Redondo LLC: "Legado Redondo LLC" was formerly known as "1700 PCH Development LLC" (the plaintiff and insured). It is the same entity at the plaintiff. Accordingly, the subpoena is not proper as it was served on a party to the action.

As for a trial continuance:
- Given that the loss occurred almost 5 years ago, our client is hesitant to wait longer to resolve it. We cannot agree to a continuance now. Let's see how much progress we can make in the next 60 days.

As for additional depositions beyond those allowed by the FRCP:
- We can revisit this as the need arises. The multiple EUOs taken by Golden Eagle might reduce the need for many more depositions.

As for an inspection:
- I looked into the file which confirmed my impression that there have already been multiple prior inspections by Golden Eagle.
- In order to set it up, we'd like to know in advance:
  - Who will attend?
  - What is each attendees role and background?
  - What is the scope of the inspection? How long will the inspection be?
  - And what protocol do you suggest?

As for any discussion of mediation/resolution: We're always open to it, if you think it would be productive. If you think something has changed since the last mediation, we'd be happy to discuss it with our client.

Thank you, and have a good weekend.

Shant

---

**From:** Stephanie Charlin <sc@kbklawyers.com>
**Sent:** Friday, February 28, 2020 12:47 PM
**To:** Katherine Sample <KSample@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Shant Karnikian <sk@kbklawyers.com>
**Subject:** 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Katherine,

We received notice of your subpoenas for business records served on February 11, 2020. We are coordinating the production of records for Anderson Group International, Legado Redondo LLC, Palos Verdes Inn Hotel Company, Pride Public Adjuster and Childress, Loucks & Plunkett LLP. We have received some, but not all, of the records and need some more time to produce them to you. Can we agree to a production date of **March 20, 2020?**

Best,

Stephanie



Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 5

| From: | Jeffrey Crowe |
|---|---|
| To: | Shant Karnikian; Stephanie Charlin; Anthony Balbuena; Christopher B. Noyes |
| Cc: | Frank Falzetta; Fred Puglisi; David Dworsky |
| Subject: | RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp. |
| Date: | Monday, April 6, 2020 7:03:14 PM |
| Attachments: | image001.png |

Thanks, Shant.  A telephone call is definitely in order.  I'm reasonably available this week.  Please propose a day and time that works for you.

You really haven't addressed my concern about the expert depositions.  While you say that "we'll deal with this issue as the need arises" and "you don't foresee the need for more depositions yet," you've overlooked the number of percipient witness depositions we have asked and intend to take.  Without a commitment from you now that expert depositions will not count toward the presumptive limit, we'll need to ask the Magistrate Judge for an order in that regard.  I was hoping to avoid that motion practice, but we'll just move for such relief unless you're willing to reconsider your position.  Please let me know (or we can discuss further during our anticipated call this week).  As you know, timing is of the essence given the aggressive pre-trial schedule and our deadline to file dispositive motions.

If you have any authority to support that an Examination Under Oath (a contractual right) somehow limits the scope of examination at a deposition (a statutory right), please provide it.  And, if you're advising us now that you will prevent or limit the scope of our examination of Plaintiff and the Plaintiff-affiliated witnesses on topics that may have been discussed or raised at the EUO, please confirm that that is your position -- which may inform whether we need to seek court relief before the depositions.

We look forward to discussing these and the other issues with you soon.

Sincerely,


**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio


**Sheppard**Mullin

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Monday, April 6, 2020 6:19 PM
**To:** Jeffrey Crowe <JCrowe@sheppardmullin.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Jeff,

Responses are below in blue. Yes, a call would be helpful. Namely to discuss some of the issues you raise in your letter, as well as limiting the scope of the requests to Palos Verdes.

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
  - **Went in the mail today, on its way to your OC office (per your request).  Thank you.**
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
  - **Same as above.  Thank you.**
- How about the Palos Verdes Inn production?
  - **They are still gathering responsive documents.  We'll have to object to some of the categories however.  We reserve all rights to compel production of all responsive documents.  When do you anticipate the production?** They are still gathering document. They are obviously restricted from accessing the office. Additionally, we're going to be objecting to many of the requests. Perhaps we can have a conversation to discuss limiting the scope as to some of the requests.
- Is your office handling production of the Pride Public Adjuster file?
  - **No.  Thanks.  We'll communicate directly with Pride.**

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
  - **OK.**
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
  - **We can re-visit it if/when the need arises.  We need confirmation now.  Given the anticipated number of percipient witness depositions, we can't wait until we are at or close to the 10 deposition limit before you tell us your position.  Otherwise, we'll have to move for an order now confirming that expert depositions don't count toward the presumptive limit.  This is really an issue that we should be able to resolve by agreement, particularly given the district court opinions we've seen on the issue.  If you have authority to the contrary, please let us know.  Thanks in advance for understanding our concern here.** We'll deal with this as the need arises. We don't foresee the need for more depositions yet.
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions."

As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes." *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).

- **Given that former attorney acting on behalf of the insurance company had plenty of opportunity to exam these witnesses, we assume his lengthy inquiries will help limit your examination. But I can see why you may find that their former attorney was inefficient with his examination of these witnesses. We dispute your assumption, and don't find it necessary to respond to your characterization of coverage counsel's efficiencies for purposes of this meet and confer. In any event, no need to further communicate on this issue for now. Both parties reserve all rights. Just to be clear, we're not agreeing to further examination on topics the witnesses already testified to.**

- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
  - **Depending on when they happen, we can do it remotely or in person. I don't believe remote depositions will work. Procedurally, it's going to be a problem given the number of anticipated exhibits. Substantively, we have the right to depose Plaintiff and witnesses in person. At this time, we're unable to stipulate to depositions by telephone or other means, but willing to revisit the issue if necessary. This may all be academic by the time the depositions proceed. We can do the depositions via zoom, or other platforms all of the court reporting services now offer.**

- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually). For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email. We will seek to do the same for Golden Eagle's third-party witnesses. For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:
  - Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.
  - Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
  - Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
  - Tom Irmiter of Forensic Building Services, Inc.
  - Mich Talmadge of Anderson Consulting Group.
  - Brad Kovar of Safeguard EnviroGroup.
  - Yonan Benjamin of L.Y. Environmental.
  - Andrew Gerasimov.
  - Goran Ljubinovic.

**OK Thanks. We'll look at dates, and we'll let you know at which ones of the above we can coordinate.  Thank you.**

Site Inspection
- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May.  If you can provide available dates for an inspection the week of May 25, we would appreciate it.  Golden Eagle reserves the right to seek more than one inspection of the hotel.
  - **We can arrange once we know:**
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer.  We can provide you specific names of the attendees as we get closer to the inspection date.
  - **See above.**
- The proposed scope/protocol is to be determined.
  - **See above.**

Thanks,
Shant

---

**From:** Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Sent:** Monday, April 6, 2020 3:31 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Dear Shant:

I'm writing to follow up on the issues in red below – particularly as it relates to: (1) the Palos Verdes Inn's production in response to the subpoena; (2) excluding expert depositions from the presumptive limit under FRCP 30; and (3) deposition dates.  Please let me know if you'd prefer to schedule a call to discuss.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jeffrey Crowe
**Sent:** Tuesday, March 24, 2020 12:16 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony
Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>;
David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Thanks, Shant.  I have a few comments/responses and requests for clarification, which are below in
red.

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Tuesday, March 24, 2020 11:17 AM
**To:** Jeffrey Crowe <JCrowe@sheppardmullin.com>; Stephanie Charlin <sc@kbklawyers.com>;
Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>;
David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Jeff. Your questions are answered below:

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for
  that production.  Can you please confirm that the entire Childress production has been made
  or provide a status on the production of the remaining portions?
  - **Went in the mail today, on its way to your OC office (per your request).  Thank you.**
- Can you please provide a status on production of the FBS file?  You had mentioned that
  staffing issues prevented production on Monday.
  - **Same as above.  Thank you.**
- How about the Palos Verdes Inn production?
  - **They are still gathering responsive documents. We'll have to object to some of the**

      categories however.   **We reserve all rights to compel production of all responsive documents.  When do you anticipate the production?**
- Is your office handling production of the Pride Public Adjuster file?
  - **No.  Thanks.  We'll communicate directly with Pride.**

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
  - **OK.**
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
  - **We can re-visit it if/when the need arises.  We need confirmation now.  Given the anticipated number of percipient witness depositions, we can't wait until we are at or close to the 10 deposition limit before you tell us your position.  Otherwise, we'll have to move for an order now confirming that expert depositions don't count toward the presumptive limit.  This is really an issue that we should be able to resolve by agreement, particularly given the district court opinions we've seen on the issue.  If you have authority to the contrary, please let us know.  Thanks in advance for understanding our concern here.**
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions." As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
  - **Given that former attorney acting on behalf of the insurance company had plenty of opportunity to exam these witnesses, we assume his lengthy inquiries will help limit your examination. But I can see why you may find that their former attorney was inefficient with his examination of these witnesses.  We dispute your assumption, and don't find it necessary to respond to your characterization of coverage counsel's efficiencies for purposes of this meet and confer.  In any event, no need to further communicate on this issue for now.  Both parties reserve all rights.**
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
  - **Depending on when they happen, we can do it remotely or in person.  I don't believe remote depositions will work.  Procedurally, it's going to be a problem given the number of anticipated exhibits.  Substantively, we have the right to depose Plaintiff and witnesses in person.  At this time, we're unable to stipulate to depositions by telephone or other means, but willing to revisit the issue if necessary.  This may all be academic by the time the depositions proceed.**
- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden

Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually). For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email. We will seek to do the same for Golden Eagle's third-party witnesses. For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:

- Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.
- Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
- Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
- Tom Irmiter of Forensic Building Services, Inc.
- Mich Talmadge of Anderson Consulting Group.
- Brad Kovar of Safeguard EnviroGroup.
- Yonan Benjamin of L.Y. Environmental.
- Andrew Gerasimov.
- Goran Ljubinovic.
- **OK Thanks. We'll look at dates, and we'll let you know at which ones of the above we can coordinate.** <span style="color:red">**Thank you.**</span>

Site Inspection

- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May. If you can provide available dates for an inspection the week of May 25, we would appreciate it. Golden Eagle reserves the right to seek more than one inspection of the hotel.
  - **We can arrange once we know:**
    - Who will attend?
    - What is each attendees role and background?
    - What is the scope of the inspection? How long will the inspection be?
    - And what protocol do you suggest?
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer. We can provide you specific names of the attendees as we get closer to the inspection date.
  - **See above.**
- The proposed scope/protocol is to be determined.
  - **See above.**

Thanks,
Shant

**From:** Jeffrey Crowe <JCrowe@sheppardmullin.com>
**Sent:** Friday, March 20, 2020 3:24 PM
**To:** Shant Karnikian <sk@kbklawyers.com>; Stephanie Charlin <sc@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>; Christopher B. Noyes <CN@kbklawyers.com>
**Cc:** Frank Falzetta <FFalzetta@sheppardmullin.com>; Fred Puglisi <FPuglisi@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Dear Shant:  Thank you for last Friday's email.  My apologies that it has taken a week to respond.  In any event, I've organized the response in categories similar to the categories in your email below, although not in the same order.

Plaintiff's Production Re the Third Party Subpoenas
- We received the disc with what appears to be portions of Mr. Childress' file.  Thank you for that production.  Can you please confirm that the entire Childress production has been made or provide a status on the production of the remaining portions?
- Can you please provide a status on production of the FBS file?  You had mentioned that staffing issues prevented production on Monday.
- How about the Palos Verdes Inn production?
- Is your office handling production of the Pride Public Adjuster file?

Depositions
- We agreed to exchange a list of anticipated depositions (our list is below), with the understanding that we might re-visit a stipulation and/or seek court relief from the 10 deposition limit under FRCP 30.
- As a threshold matter, can we both agree that anticipated expert depositions (i.e., depositions of those experts the parties identify in their Expert Designations) will not count toward the 10 deposition limit?  That seems to be the view of the district court orders I've seen.  *See e.g. Saeid Nosrate v. Provident Life & Acc. Ins. Co.*, 2020 WL 1181497, *4 (C.D. Cal. March 10, 2020) ("Courts in this Circuit have declined to include expert depositions in the presumptive limit . . . .").
- While Mr. Lubin and Mr. Czuker did provide EUO testimony during the claim investigation, we do not anticipate those EUOs will necessarily "reduce the need for many more depositions."  As you know, "[a]n examination under oath and a pretrial deposition serve vastly different purposes."  *Brizuela v. CalFarm Ins. Co.*, 116 Cal.App.4th 578, 671 (2004) (internal quotes omitted).
- We should confer now about how and if we can complete depositions given the current State Order to "stay at home."
- Our list of anticipated depositions is below (although it is not an exhaustive list and Golden Eagle reserves the right to seek to depose additional and/or all percipient witnesses individually).  For the third-party witnesses, please let us know if you can provide available dates for the witnesses and accept service of process by mail or email.  We will seek to do the same for Golden Eagle's third-party witnesses.  For now, we'd like to ask for dates available between April 27 and May 22 for the following depositions:

- Plaintiff's Person(s) Most Knowledgeable (i.e., FRCP 30(b)(6) witness(es)) on, among other things: (1) communications with Golden Eagle regarding the loss and claim; (2) alleged scope and cost of repairs in relation to the loss and claim; (3) pre and post-loss plans, designs, proposals, etc. to renovate the hotel and redevelop the property; and (4) any fire-related repairs that have been completed to the hotel. These are just a few categories to give you an idea regarding the scope of the Deposition Notice. Once we have a more formal draft of the Notice, we will send it to you.
- Person(s) Most Knowledgeable from the Childress firm regarding similar categories. Again, we'll provide you with a draft of the Notice once completed.
- Person(s) Most Knowledgeable from Pride Public Adjusters, Inc. regarding the loss and claim.
- Tom Irmiter of Forensic Building Services, Inc.
- Mich Talmadge of Anderson Consulting Group.
- Brad Kovar of Safeguard EnviroGroup.
- Yonan Benjamin of L.Y. Environmental.
- Andrew Gerasimov.
- Goran Ljubinovic.

Site Inspection

- Although subject to change and dependent on the ability to do so under the current State Order, we anticipate seeking to conduct an inspection of the Hotel in late May. If you can provide available dates for an inspection the week of May 25, we would appreciate it. Golden Eagle reserves the right to seek more than one inspection of the hotel.
- Anticipated attendees will include SMRH attorneys, litigation consultants and a videographer/photographer. We can provide you specific names of the attendees as we get closer to the inspection date.
- The proposed scope/protocol is to be determined.

Thanks in advance for your attention to this matter. We look forward to working with you to schedule mutually convenient dates for this anticipated discovery.

Sincerely,

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Shant Karnikian <sk@kbklawyers.com>
**Sent:** Friday, March 13, 2020 5:25 PM
**To:** Stephanie Charlin <sc@kbklawyers.com>; Katherine Sample <KSample@sheppardmullin.com>; David Dworsky <DDworsky@sheppardmullin.com>; Jeffrey Crowe <JCrowe@sheppardmullin.com>

**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Anthony Balbuena <ab@kbklawyers.com>
**Subject:** RE: 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Katherine/David/Jeff:

Just an update on productions:

- We're sending out a disc today which contains part of the production (900+ documents) in response to your subpoena to Childress, Loucks & Plunkett Ltd.
- The remainder of the documents (around 200) from CLP, and the production from Forensic Building Science, Inc. (around 100 documents) are being labelled and will be sent out on Monday next week. Given the COVID situation, some of our support staff was out, but someone will be in on Monday to do the bates stamping and copying to a disc.
- As for the documents from Palos Verdes Inn Hotel Company, LLC: They're still working on gathering documents. I don't yet have a time estimate for you until I know the size of the production.
- As for the subpoena to Legado Redondo LLC:  "Legado Redondo LLC" was formerly known as "1700 PCH Development LLC" (the plaintiff and insured). It is the same entity at the plaintiff. Accordingly, the subpoena is not proper as it was served on a party to the action.

As for a trial continuance:

- Given that the loss occurred almost 5 years ago, our client is hesitant to wait longer to resolve it. We cannot agree to a continuance now. Let's see how much progress we can make in the next 60 days.

As for additional depositions beyond those allowed by the FRCP:

- We can revisit this as the need arises. The multiple EUOs taken by Golden Eagle might reduce the need for many more depositions.

As for an inspection:

- I looked into the file which confirmed my impression that there have already been multiple prior inspections by Golden Eagle.
- In order to set it up, we'd like to know in advance:
  - Who will attend?
  - What is each attendees role and background?
  - What is the scope of the inspection? How long will the inspection be?
  - And what protocol do you suggest?

As for any discussion of mediation/resolution: We're always open to it, if you think it would be productive. If you think something has changed since the last mediation, we'd be happy to discuss it with our client.

Thank you, and have a good weekend.
Shant

**From:** Stephanie Charlin <sc@kbklawyers.com>

**Sent:** Friday, February 28, 2020 12:47 PM
**To:** Katherine Sample <KSample@sheppardmullin.com>
**Cc:** Christopher B. Noyes <CN@kbklawyers.com>; Shant Karnikian <sk@kbklawyers.com>
**Subject:** 1700 PCH Development LLC v. Golden Eagle Insurance Corp.

Hi Katherine,

We received notice of your subpoenas for business records served on February 11, 2020. We are coordinating the production of records for Anderson Group International, Legado Redondo LLC, Palos Verdes Inn Hotel Company, Pride Public Adjuster and Childress, Loucks & Plunkett LLP. We have received some, but not all, of the records and need some more time to produce them to you. Can we agree to a production date of **March 20, 2020?**

Best,

Stephanie



Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 6

| From: | Jeffrey Crowe |
| To: | Shant Karnikian; Stephanie Charlin |
| Cc: | David Dworsky |
| Subject: | 1700 PCH v. Golden Eagle |
| Date: | Tuesday, April 14, 2020 4:19:45 PM |

Dear Shant and Stephanie:

I write following last Friday's telephone call, Plaintiff's Supplemental Initial Disclosures and Discovery Responses, and the Court's Order yesterday vacating the November 2020 trial date.  Please excuse this "informal" email correspondence, but I wanted to address a few issues as soon as possible.

First, you were going to confer with your team and client regarding:  (1) our request to modify the Scheduling Order and continue pre-trial dates; and (2) our request that the parties agree that expert depositions only (meaning the depositions of party-designated experts) will not count toward the presumptive limit of 10 depositions.  As you saw from our email correspondence to the court clerk, the order vacating the trial date did not vacate the pre-trial dates.  Nevertheless, the court clerk invited us to file a Stipulation and Order if the parties desired to modify the pre-trial dates.  Now that the court has vacated the trial date on its own initiative, it makes sense to seek modification of the pre-trial dates.  We see three general options:  (1) ask the court to extend the pre-trial dates by 4 months or so; (2) ask the court to re-set the matter for a scheduling conference or allow the parties to submit a new proposed scheduling order; or (3) ask the court to vacate all dates until the November 2 pretrial conference.  We believe Options 1 or 2 or a combination of both probably make the most sense for now.

Second, with regard to Plaintiff's depositions, you clarified that you do not intend to instruct your client not to answer questions that may relate to or be perceived to overlap with testimony provided at the EUO.  That doesn't mean that you have agreed to forego any such instruction, but simply that you're not attempting to pre-condition the scope of our deposition examination in a way that would require us to seek court intervention now.  As you described it, Plaintiff is simply reserving its right to assert objects to questions that might relate to or overlap with the EUOs.

Third, I advised that my office was in the process of preparing a proposed Protective Order.  We hope to have a draft to you by the end of the week.

Fourth, Plaintiff's Supplemental Initial Disclosures and Supplemental Discovery Responses have introduced a new or previously unstated category of damages.  Plaintiff now seeks to recover unspecified "extra expense" damages, but has not provided a computation of those damages or otherwise described or explained them.  Will you be supplementing Initial Disclosures with a computation of those damages and the discovery responses with an explanation/description of them?

Finally, with regard to Interrogatory Nos. 10, 12, and 14, we note Plaintiff's refusal to provide supplemental responses, and will hold Plaintiff to that election for purposes of trial.  If you have reconsidered and will agree to provide a substantive, supplemental response, please let us know.

Thanks again for your attention this matter.  We look forward to hearing from you soon.

Sincerely,

--Jeff

**Jeffrey S. Crowe**
+1 714-424-8231 | direct
JCrowe@sheppardmullin.com | Bio

**Sheppard**Mullin

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com | LinkedIn | Twitter

# EXHIBIT 7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| 1700 PCH DEVELOPMENT, LLC, a California limited liability company, | Case No. CV 19-10151-AB (JCx) |
|---|---|
| Plaintiff, | **ORDER RE: JURY/COURT TRIAL** |
| v. | **I.**     **SCHEDULE** |
| | **II.**     **TRIAL PREPARATION** |
| GOLDEN EAGLE INSURANCE CORPORATION, a New Hampshire corporation; CLARK SEIF CLARK INC., a California corporation, | **III.**     **CONDUCT OF ATTORNEYS AND PARTIES** |
| Defendants. | |

1.

## I.    SCHEDULE

The Scheduling Order governing this case is set forth in the Schedule of Pretrial and Trial Dates chart below.  Whether this is a jury trial or court trial is indicated in the upper right hand box.  If the parties wish to set additional dates, they may file a Stipulation and Proposed Order so seeking.  This may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

Please refer to the Court's Standing Order for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, alternative dispute resolution, and other matters pertaining to all cases.

## JUDGE ANDRÉ BIROTTE JR.
## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Trial and Final Pretrial Conference Dates | | Court Order mm/dd/yyyy |
|---|---|---|
| Trial | | 11/10/2020 at 8:30 a.m.<br>☒ Jury Trial<br>☐ Court Trial<br>5-8 Day(s) |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine | | 10/23/2020 at 11:00 a.m. |

| Event [1]<br>***Note:*** Hearings shall be on Fridays at 10:00 a.m.<br>Other dates can be any day of the week. | Weeks Before FPTC | Court Order mm/dd/yyyy |
|---|---|---|
| Last Date to ***Hear*** Motion to Amend Pleadings/Add Parties *[Friday]* | | 05/15/2020 |
| Non-Expert Discovery Cut-Off | 17 | 06/26/2020 |
| Expert Disclosure (Initial) | | 07/10/2020 |
| Expert Disclosure (Rebuttal) | | 07/24/2020 |
| Expert Discovery Cut-Off | 12[2] | 07/31/2020 |
| Last Date to ***Hear*** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 07/31/2020 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 08/14/2020<br>☐ 1. Magistrate Judge<br>☐ 2. Court's Mediation Panel<br>☒ 3. Private Mediation |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 10/02/2020 |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 10/09/2020 |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above*.**

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

3.

**A. Deadlines for Motions.**

All motions must be noticed to be *heard* on or before their respective deadlines. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

**B. Discovery Cut-Off and Discovery Disputes**

1. <u>Discovery Cut-off</u>: The cut-off date for discovery *is not* the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, must be completed. Thus, written discovery must be served, and depositions must begin, sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient. Given the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

2. <u>Expert Discovery</u>: All expert disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

3. <u>Discovery Disputes</u>: Counsel must use best efforts to resolve discovery problems among themselves in a courteous, reasonable and professional manner. Counsel must adhere to the Civility and Professionalism Guidelines at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines .

4. <u>Discovery Motions</u>: Discovery motions are handled by the Magistrate Judge assigned to the case. Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the

1    motion is granted.

2          **C. Law and Motion and Local Rule 7-3**

3          The Court reminds the parties of their obligation under Local Rule 7-3 to meet

4    and confer to attempt to resolve disputes before filing a motion.  This Court also

5    requires the parties to meet and confer on any other request for relief (except those

6    identified in Local Rules 7-3 and 16-12) .

7          Please see the Standing Order for specific instructions regarding Motions to

8    Dismiss, Motions to Amend, Motions for Summary Judgment, and other requests.

9          **D.     Settlement Conference/Alternative Dispute Resolution Procedures**

10         Pursuant to Local Rule 16-15, the parties in every case must participate in a

11   Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.  The

12   Scheduling Order indicates the procedure the parties shall use.  If the parties prefer an

13   ADR procedure other than the one ordered by the Court, they shall file a Stipulation

14   and Proposed Order.  This request will not necessarily be granted.

15         Counsel shall file a Joint Report regarding the outcome of settlement

16   discussions, the likelihood of possible further discussions, and any help the Court may

17   provide with regard to settlement negotiations, by 7 days after the settlement

18   conference.  No case will proceed to trial unless all parties, including the principals of

19   all corporate parties, have appeared personally at a settlement conference.

20         **E.     Final Pretrial Conference/Proposed Final Pretrial Conference Order**

21         The Court has set  a Final Pretrial Conference ("FPTC") pursuant to Federal

22   Rule of Civil Procedure 16 and Local Rule 16-8.  **THE COURT REQUIRES**

23   **STRICT COMPLIANCE WITH FED. R. CIV. P. 16 AND 26, AND LOCAL**

24   **RULE 16.**  Each party appearing in this action must be represented at the FPTC by

25   the lead trial counsel for that party.  Counsel must be prepared to discuss streamlining

26   the trial, including presentation of testimony by deposition excerpts or summaries,

27   time limits, stipulations as to undisputed facts, and qualification of experts by

28   admitted resumes.

                                        5.

The parties must file a proposed Proposed Final Pretrial Conference Order ("Proposed FPTCO") 2 weeks (14 days) before the FPTC. The parties must adhere to this deadline so chambers can prepare. A template for the Proposed FPTCO is available on Judge Birotte's webpage. The parties MUST use this template.

In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, e.g., "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible. The Court will usually read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will shorten the trial and increase jury understanding of the case.

In drafting the factual issues in dispute, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

The parties shall email the Proposed FPTCO in Microsoft Word format to chambers at AB_Chambers@cacd.uscourts.gov .

**II.    TRIAL PREPARATION**

**THE PARTIES MUST STRICTLY COMPLY WITH LOCAL RULE 16.**
Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person 40 days in advance to prepare for the FPTC. Please review Local Rule 16-2. This Order sets forth some requirements different from or in addition to

those set out in Local Rule 16.  The Court may take the FPTC off calendar or impose other sanctions for failure to comply with these requirements.

**A.     Schedule for Filing Pretrial Documents for Jury and Court Trials**

All pretrial document copies shall be delivered to the Court "binder-ready" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner).  Except for motions in limine, oppositions, the Joint Status Report Regarding Settlement, and Declarations containing direct testimony, **Counsel shall email all of the above, including any amended documents, in Microsoft Word format to AB_Chambers@cacd.uscourts.gov** .

The schedule for filing pretrial documents is as follows:

♦ At least **3 weeks (21 days)** before the Final Pretrial Conference:

- Motions in Limine
- Memoranda of Contentions of Fact and Law
- Witness Lists
- Joint Exhibit List
- Joint Status Report Regarding Settlement
- Proposed Findings of Fact and Conclusions of Law *(court trial only)*
- Declarations containing Direct Testimony *(court trial only)*

♦ At least **2 weeks (14 days)** before the Final Pretrial Conference:

- Oppositions to Motions in Limine
- Joint Proposed Final Pretrial Conference Order
- Joint/Agreed Proposed Jury Instructions *(jury trial only)*
- Disputed Proposed Jury Instructions *(jury trial only)*
- Joint Proposed Verdict Forms  *(jury trial only)*
- Joint Statement of the Case  *(jury trial only)*
- Proposed Additional Voir Dire Questions, if any *(jury trial only)*
- Evidentiary Objections to Declarations of Direct *Testimony (court trial only)*

7.

### 1. Motions in Limine

Motions in limine will be heard and ruled on at the FPTC.  The Court may rule on motions in limine orally only instead of in writing.  All motions in limine must be filed at least 3 weeks (21 days) before the final pretrial conference; oppositions must be filed at least 2 weeks (14 days) before the final pretrial conference; there will be no replies.  Motions in limine and oppositions must not exceed 10 pages in length.

Before filing a motion in limine, counsel **must** meet and confer to determine whether opposing counsel intends to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion.  Motions in limine should address specific issues (e.g., not "to exclude all hearsay").  Motions in limine should not be disguised motions for summary adjudication of issues.  The Court may strike excessive or unvetted motions in limine.

### 2. Witness Lists

Witness Lists must be filed 3 weeks (21 days) before the FPTC.  They must be in the format specified in Local Rule 16-5, and must also include for each witness (i) a brief description of the testimony, (ii) what makes the testimony unique, and (iii) a time estimate in hours for direct and cross-examination (separately stated).  Please follow the template posted to Judge Birotte's webpage.   Any Amended Witness List must be filed by 12:00 p.m. (noon) the Friday before trial.

### 3. Joint Exhibit List

The Joint Exhibit List must be filed 3 weeks (21 days) before the FPTC.  It must be in the format specified in Local Rule 16-6, and shall include an additional column stating any objections to authenticity and/or admissibility, and the reasons for the objections.  Please follow the template posted to Judge Birotte's webpage.  Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) the Friday before trial.

### 4. Jury Instructions  *(jury trial only)*

Jury instructions must be filed no later than 2 weeks (14 days) prior to the FPTC.  The parties shall make every attempt to agree upon jury instructions before

1    submitting proposals to the Court. **The Court expects counsel to agree on the**
2    **substantial majority of jury instructions, particularly when pattern or model**
3    **instructions provide a statement of applicable law.** The parties shall meet and
4    confer on jury instructions according to the following schedule:

5    - *4 weeks (28 days) before FPTC*:  Counsel shall exchange proposed jury
6       instructions (general and special)
7    - *3 weeks (21 days) before FPTC*: Counsel shall exchange any objections to the
8       instructions
9    - *Until 2 weeks (14 days) before FPTC*:  Counsel shall meet and confer with the
10      goal of reaching an agreement on one set of Joint/Agreed Jury Instructions.
11   - *2 weeks (14 days) before FPTC*: counsel shall file their (1) Joint/Agreed
12      Proposed Jury Instructions and their (2) Disputed Jury Instructions.

13         If the parties disagree on any proposed jury instructions, they shall file: (i) **1 set**
14   of Joint/Agreed Proposed Jury Instructions to which all parties agree; and (ii) **1 set** of
15   Disputed Jury Instructions, which shall include a "redline" of any disputed language
16   and/or the factual or legal basis for each party's position as to each disputed
17   instruction.  Where appropriate, the disputed instructions shall be organized by
18   subject, so that instructions that address the same or similar issues are presented
19   sequentially.  If there are excessive or frivolous disagreements over jury instructions
20   or the special verdict form, the Court will order the parties to further meet and confer
21   before trial and/or during trial until they substantially narrow their disagreements.

22         ***Sources*:**  When the *Manual of Model Jury Instructions for the Ninth*
23   *Circuit* provides an applicable jury instruction, the parties should submit the most
24   recent version, modified and supplemented to fit the circumstances of this case.
25   Where California law applies, counsel should use the current edition of the *Judicial*
26   *Council of California Civil Jury Instructions* ("CACI").  If neither applies, counsel
27   should consult the current edition of O'Malley, et al., *Federal Jury Practice and*
28   *Instructions*.  Counsel may submit alternatives to these instructions only if there is a

1   reasoned argument that they do not properly state the law or that they are incomplete.

2   The Court seldom if ever gives instructions derived solely from cases.

3          **_Format_**:  Each requested instruction shall (1) cite the authority or source

4   of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be numbered,

5   (5) cover only one subject or principle of law, and (6) not repeat principles of law

6   contained in any other requested instruction.  If a standard instruction has blanks or

7   offers options (i.e. "he/she"), the parties must fill in the blanks or make the

8   appropriate selections in their proposed instructions.

9          **_Index_**:  The Proposed Instructions must have an index that includes the

10   following for each instruction, as illustrated in the example below:

11         • the number of the instruction;

12         • the title of the instruction;

13         • the source of the instruction and any relevant case citations; and

14         • the page number of the instruction.

15   **_Example:_**

16

  Instruction

17

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

19       During the trial and before closing argument, the Court will meet with counsel

20   to settle the instructions, and counsel will have an opportunity to make a further

21   record concerning their objections.

22         **5.  Joint Verdict Forms  _(jury trial only)_**

23       The parties shall make every attempt to agree upon a verdict form before

24   submitting proposals to the Court.  Counsel shall file a proposed verdict form(s) no

25   later than 2 weeks (14 days) before the FPTC.  If the parties are unable to agree on a

26   verdict form, the parties shall file one document titled "Competing Verdict Forms"

27   which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline"

28

of any disputed language; and (iii) the factual or legal basis for each party's respective position if the entire form is being disputed.

### 6.  Joint Statement of the Case  *(jury trial only)*

By 2 weeks (14 days) before the FPTC, counsel must file a Joint Statement of the Case for the Court to read to the panel of prospective jurors before commencement of voir dire. This should be a brief neutral statement. no more than one page long.

### 7.  Voir Dire  *(jury trial only)*

The Court will conduct the voir dire.  The Court asks prospective jurors basic questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), and may ask additional case-specific questions.  By 2 weeks (14 days) before the FPTC, counsel may, but are not required to, file proposed case-specific voir dire questions for the Court's consideration.

Generally, a jury consists of eight jurors.  In most cases, the Court seats 16 prospective jurors in the jury box and conducts its initial voir dire.  Each side has 3 peremptory challenges.  If 16 jurors are seated in the box and all 6 peremptory challenges are exercised, the remaining 8 jurors will constitute the jury panel.  If fewer than 6 peremptory challenges are exercised, the 8 jurors in the lowest numbered seats will be the jury.  The Court will not necessarily accept a stipulation to a challenge for cause.  If one or more challenges for cause are accepted, and all 6 peremptory challenges are exercised, the Court may decide to proceed with 6 or 7 jurors.

### 8.  Proposed Findings of Fact and Conclusions of Law  *(court trial only)*

For any trial requiring findings of fact and conclusions of law, counsel for each party shall, no later than 3 weeks (21 days) before the FPTC, file and serve on opposing counsel its Proposed Findings of Fact and Conclusions of Law in the format specified in Local Rule 52-3.

The parties may submit Supplemental Proposed Findings of Fact and Conclusions of Law during the trial.  Once trial concludes, the Court may order the

1   parties to file Revised Proposed Findings of Fact and Conclusions of Law.

2   **9.  Declarations for Direct Testimony (*court trial only*)**

3   When ordered by the Court in a particular case, each party shall, at least 3

4   weeks (21 days) before the FPTC, file declarations containing the direct testimony of

5   each witness whom that party intends to call at trial.  If such declarations are filed,

6   each party shall file any evidentiary objections to the declaration(s) submitted by any

7   other party by 2 weeks (14 days) before the FPTC.  Such objections shall be submitted

8   in the following three-column format: (i) the left column should contain a verbatim

9   quote of each statement objected to (including page and line number); (ii) the middle

10  column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with

11  a citation to the Fed. R. Evid. or, where applicable, a case citation; and (iii) the right

12  column should provide space for the court's ruling on the objection.  The Court

13  anticipates issuing its ruling on the objections the same date as the FPTC.

14  **B.    Trial Exhibits**

15  Trial exhibits that consist of documents must be submitted to the Court in three-

16  ring binders.  Counsel shall submit to the Court **1 original set of exhibit binders,** and

17  **2 copies**: the original set shall be for the witnesses, and the 2 copies are for the Court.

18  All exhibits must be placed in three-ring binders indexed by exhibit number with tabs

19  or dividers on the right side.  Exhibits shall be numbered 1, 2, 3, etc., ***not*** 1.1, 1.2, etc.

20  The defendant's exhibit numbers shall not duplicate plaintiff's numbers.  For all 3 sets

21  of binders, the spine of each binder shall indicate the volume number and the range of

22  exhibit numbers included in the volume.

23  - The ***original set of exhibits*** shall have official exhibit tags (yellow tags for

24  plaintiff's exhibits, and blue tags for defendant's exhibits) affixed to the

25  front upper right-hand corner of the exhibit, with the case number, case

26  name, and exhibit number stated on each tag.  Tags may be obtained from

27  the Clerk's Office, or counsel may print their own exhibit tags using Forms

28  G-14A and G-14B on the "Court Forms" section of the Court's website.

- The **_2 sets of copies of the exhibits_** shall **_not_** have official exhibit tags but must be indexed with tabs or dividers on the right side.

Counsel will review the exhibit list and the exhibit binders with the Courtroom Deputy Clerk ("CRD") before the admitted exhibits are given to the jury.

The Court provides audio/visual equipment for use during trial.  More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-technology . The Court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

Counsel must meet and confer not later than 10 days before trial to stipulate as far as possible to foundation, to waiver of the best evidence rule, and to exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

**C.    Materials to Present on First Day of Trial**

Counsel must present these materials to the CRD on the **_first day of trial_**:

1. The **3 sets of exhibit binders** (1 original, 2 copies) described above.
2. Any **deposition transcripts** to be used at trial, either as evidence or for impeachment.  These lodged depositions are for the Court's use; counsel must use their own copies during trial.

**D.    Court Reporter**

Any party requesting special court reporter services for any hearing (i.e., real time transmission, daily transcripts) shall notify the court reporter at least 2 weeks before the hearing date.

**E.    Jury Trial**

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:30 p.m., with a 1-hour lunch break.  Counsel must appear at 8:30 a.m. to discuss preliminary matters with the Court  The Court will call a jury panel only when it is satisfied that the matter is ready for trial.  Jury selection usually takes

1   only a few hours.  Counsel should be prepared to proceed with opening statements and

2   witness examination immediately after jury selection.

3        Fridays are usually reserved for the Court's calendar, so generally there will not

4   be trial on Fridays.  Therefore, during the first week, trial days are generally Tuesday

5   through Thursday.  After the first week, trial days are generally Monday through

6   Thursday.  Trial days are from 9:00 a.m. to approximately 4:30 p.m., with two 15-

7   minute breaks and a 1-hour lunch break.

8   **III.**  **CONDUCT OF ATTORNEYS AND PARTIES**

9        **A.**  **Meeting and Conferring Throughout Trial**

10       The parties **<u>must</u>** meet and confer on an ongoing basis throughout trial on all

11  issues as they come up.  The Court will not resolve any issue during trial unless and

12  until the parties have attempted to resolve it themselves.  The Court strictly enforces

13  this rule.

14       **B.**  **Opening Statements, Examining Witnesses, and Summation**

15       Counsel must use the lectern.  Counsel must not consume time by writing out

16  words, drawing charts or diagrams, etc.  Counsel may prepare such materials in

17  advance.  The Court will establish and enforce time limits for opening statements and

18  closing arguments, and for examination of witnesses.

19       **C.**  **Objections to Questions**

20       Counsel must not use objections to make a speech, recapitulate testimony, or

21  attempt to guide the witness.

22       When objecting, counsel must rise to state the objection and state only that

23  counsel objects and the legal ground of objection.  If counsel wishes to argue an

24  objection further, counsel must ask for permission to do so.

25       **D.**  **General Decorum**

26       1.  Counsel must not approach the CRD or the witness box without

27  specific permission and must return to the lectern when the purpose for approaching

28  has been accomplished.

2.    Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

3.    Counsel must address all remarks to the Court.  Counsel must not address the CRD, the court reporter, persons in the audience, or opposing counsel.  Any request to re-read questions or answers shall be addressed to the Court.  Counsel must ask the Court's permission to speak with opposing counsel.

4.    Counsel must not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.

5.    Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.    While Court is in session, counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7.    Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.    Counsel must never talk to jurors at all, and must not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors.  Counsel should admonish their clients and witnesses to avoid such conduct.

9.    Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

**E.    Promptness of Counsel and Witnesses**

1.    Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The Court will not delay the trial or inconvenience jurors.

2.    If a witness was on the stand at a recess or adjournment, counsel

15.

who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.      Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.      No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available and there is more than a brief delay, the Court may deem that party to have rested.

5.      The Court attempts to cooperate with professional witnesses and generally accommodates them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the Court in advance.

**F.     Exhibits**

1.      Each counsel must keep counsel's own list of exhibits and must note when each has been admitted into evidence.

2.      Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.      An exhibit not previously marked must, at the time of its first mention, be accompanied by a request that it be marked for identification.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel must advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.      When referring to an exhibit, counsel must refer to its exhibit number.  Witnesses should be asked to do the same.

6.      Counsel must not ask witnesses to draw charts or diagrams, or ask the Court's permission for a witness to do so.  Any graphic aids must be fully

1    prepared before the court session starts.

2     **G.**  **Depositions**

3       1.  In using depositions of an adverse party for impeachment, counsel

4    may adhere to either one of the following procedures:

5        a.  If counsel wishes to read the questions and answers as

6      alleged impeachment and ask the witness no further questions on that subject,

7      counsel shall first state the page and line where the reading begins and the page

8      and line where the reading ends, and allow time for any objection.  Counsel

9      may then read the portions of the deposition into the record.

10       b.  If counsel wishes to ask the witness further questions on the

11     subject matter, the deposition shall be placed in front of the witness and the

12     witness told to read the relevant pages and lines silently.  Then counsel may

13     either ask the witness further questions on the matter and thereafter read the

14     quotations, or read the quotations and thereafter ask further questions.  Counsel

15     should have an extra copy of the deposition for this purpose.

16      2.  Where a witness is absent and the witness's testimony is offered by

17   deposition, counsel may (a) have a reader occupy the witness chair and read the

18   testimony of the witness while the examining lawyer asks the questions, or (b) have

19   counsel read both the questions and the answers.

20    **H.**  **Using Numerous Answers to Interrogatories and Requests for**

21      **Admission**

22     Whenever counsel expects to offer a group of answers to interrogatories or

23   requests for admissions extracted from one or more lengthy documents, counsel

24   should prepare a new document listing each question and answer and identifying the

25   document from which it has been extracted.  Copies of this new document should be

26   given to the Court and opposing counsel.

27    **I.**  **Advance Notice of Unusual or Difficult Issues**

28     If any counsel anticipate that a difficult question of law or evidence will

1  necessitate legal argument requiring research or briefing, counsel **must** give the Court

2  advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an

3  unexpected legal issue arises that could not have been foreseen and addressed in

4  advance.  Counsel must also advise the CRD at the end of each trial day of any issues

5  that must be addressed outside the presence of the jury so that there is no interruption

6  of the trial.  **THE COURT WILL NOT KEEP JURORS WAITING.**

7

8       **Parties appearing pro se must comply with the Federal Rules of Civil**

9  **Procedure and the Local Rules.**  *See* **Local Rules 1-3 and 83-2.2.3.**

10

11       **IT IS SO ORDERED.**

12

13  Dated:  January 27, 2020       _____

14                                 HONORABLE ANDRÉ BIROTTE JR.
                                   UNITED STATES DISTRICT COURT JUDGE